■ In the Matter of State of New York, Respondent, v Richard VV., Appellant. [903 NYS2d 184]—

Malone Jr., J. Appeal from an order of the Supreme Court (Devine, J.), entered March 13, 2009 in Albany County, which,

in a proceeding pursuant to Mental Hygiene Law article 10, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 1997, in full satisfaction of an indictment charging respondent with sodomy in the first degree, three counts of burglary in the second degree, criminal trespass in the third degree and public lewdness, respondent pleaded guilty to attempted sodomy in the first degree and was sentenced to a prison term of 5 to 10 years. Upon the expiration of respondent's prison term in 2006, he was involuntarily committed to the custody of the Office of Mental Health pursuant to the procedures of Mental Hygiene Law article 9.

In January 2008, petitioner commenced the instant proceeding pursuant to Mental Hygiene Law article 10, alleging that respondent was a detained sex offender requiring civil management. Following a trial, a jury found that respondent suffers from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]). After a dispositional hearing, Supreme Court determined that respondent was a dangerous sex offender in need of confinement (*see* Mental Hygiene Law § 10.07 [f]) and ordered him committed to a secure treatment facility. Respondent appeals.

Respondent first contends that the jury's finding that he suffers from a mental abnormality is against the weight of the evidence. The jury's verdict, however, "is entitled to great deference given the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of State of New York v Shawn X.*, 69 AD3d 165, 168 [2009], *lv denied* 14 NY3d 702 [2010]; *accord Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1140 [2010]). When sufficient evidence exists, "a jury verdict may be set aside as against the weight of the evidence only when the evidence preponderates so greatly in [respondent's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Shawn X.*, 69 AD3d at 169 [internal quotation marks and citations omitted]).

At trial, petitioner presented the testimony of Richard Hamill, a licensed clinical psychologist with extensive experience in evaluating and treating sex offenders, who based his opinion on a personal evaluation of respondent and a review of all of respondent's institutional and criminal records. According to Hamill, respondent's history of exposing himself to unsuspecting strangers satisfied the diagnostic criteria for exhibitionism as contained in the American Psychiatric Association's Diagnostic and Statistic Manual of Mental Disorders (hereinafter DSM-IV). Hamill further opined that the fact that respondent

acknowledged that he had a problem, and yet continued to expose himself, evidenced respondent's inability to control his behavior. In Hamill's opinion, respondent also meets the diagnostic criteria for personality disorders in general—and most of the criteria for antisocial personality disorder—which further supported a finding that respondent was unable to control his behavior.* Hamill stated that exhibitionism, by definition, is a recurrent and long-lasting condition, has a very high rate of reoffense and predisposes respondent to committing sex offenses. He further explained that, while most exhibitionists do not attempt sexual contact after exposing themselves, respondent escalated his behavior and became more sexually aggressive with each victim, which indicated that respondent fell within a small subset of exhibitionists who eventually commit more serious sex offenses such as rape.

Respondent's expert, Joseph Plaud, also a licensed clinical psychologist with extensive experience in evaluating and treating sex offenders, opined that, while respondent had engaged in some exhibitionistic behavior, he did not sufficiently satisfy all of the DSM-IV criteria pertaining to the age of onset, frequency of incidents or sexual motivation necessary for a diagnosis of exhibitionism. Ultimately, Plaud concluded that, even if respondent were considered to be an exhibitionist, he did not think that type of diagnosis was sufficient to support a finding that respondent suffered from a mental abnormality.

While respondent argues that Plaud's opinion should have been accorded more weight than that of Hamill because Plaud had more experience testifying in civil commitment proceedings, "[t]he trier of fact is in the best position to evaluate the weight and credibility of conflicting expert medical and psychiatric testimony" (*Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]; *see Matter of State of New York v Timothy JJ.*, 70 AD3d at 1142). Here, considering the conflicting expert opinions and according the appropriate deference to the jury's credibility determinations, we cannot conclude that the verdict is against the weight of the evidence.

Respondent also challenges Supreme Court's disposition as

---

* Hamill explained that, using a very conservative interpretation of the criteria for antisocial personality disorder, he did not apply that diagnosis to respondent as it was not possible for him to definitively ascertain whether respondent engaged in rule-breaking behavior prior to the age of 15 because respondent had been deceptive regarding his childhood. Hamill did note, however, that other mental health professionals have diagnosed antisocial personality disorder in respondent, the hallmark characteristics of which, according to Hamill, are a history of rule-breaking, the violation of other's rights and harmful behavior toward others.

against the weight of the evidence. Specifically, respondent contends that petitioner did not prove by clear and convincing evidence that he is a "[d]angerous sex offender requiring confinement" (Mental Hygiene Law § 10.03 [e]). In that regard, at the dispositional hearing, Hamill testified that, based upon the results of actuarial assessments, respondent has a high risk of reoffending if he were to be released into the community. This assessment was based, in large part, on the escalation of respondent's conduct from simply exposing his genitals to women to committing offenses involving sexual contact with his victims. According to Hamill, respondent's failure to successfully complete sex offender treatment, and his history of noncompliant and abusive behavior while confined—behavior of both an impulsive and a premeditated nature—demonstrated that respondent could not control himself even in the most structured environments. Hamill also opined that both respondent's history of alcohol and drug abuse, which lowered his inhibitions, and his personality disorder, which made him prone to engage in inappropriate and illegal behavior, would make it difficult for respondent to control his impulses and, thus, increased the risk that respondent would reoffend. On this basis, Hamill opined that respondent could not be safely managed in the community under a program of strict and intensive supervision as he was unlikely to comply with the program directives. Noting that respondent had committed the instant offense— wherein he broke into a woman's apartment and sexually assaulted her while she slept—within two days of his release from jail, Hamill believed that the level of stress that respondent would likely experience in the community would make him "a significant danger to the community." However, Plaud opined that, although exhibitionism typically had a high recidivism rate, as a non-contact-based offender, respondent's likelihood of committing a contact-based offense—such as rape—within five years of his release was 24.8%. According to Plaud, the fact that respondent was nearly 40 years old also made it less likely that he would reoffend. Plaud ultimately concluded that respondent could be effectively treated in the community under a strict and intensive supervision regimen. Upon our full review of the evidence, and according deference to Supreme Court's decision to credit the expert opinion of Hamill over that of Plaud (*see Matter of State of New York v Donald N.*, 63 AD3d at 1394), we find no basis upon which to disturb the court's determination that respondent is a dangerous sex offender requiring confinement.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.