■ In the Matter of STATE OF NEW YORK, Respondent, v CRAIG T., Appellant. [909 NYS2d 215]—

Spain, J.P. Appeals from two orders of the Supreme Court (Tait, J.), entered March 26, 2009 and April 14, 2009 in Broome County, which, in a proceeding pursuant to Mental Hygiene Law article 10, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

Pursuant to a guilty plea, respondent was convicted in 2001 of rape in the second degree in connection with charges arising out of his repeated sexual relations with his then-13-year-old daughter over the course of approximately six weeks. Sentenced to four months in county jail and 10 years of probation, respondent was released on time served immediately following his conviction until, in 2005, he violated the terms of his probation when a drug screen came back positive and he was resentenced to a term of imprisonment of 1 to 4 years. Prior to respondent's release date, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking a determination that respondent is a dangerous sex offender requiring civil management. Supreme Court conducted a jury trial pursuant to Mental Hygiene Law § 10.07 (d), at the conclusion of which the jury found that respondent was a detained sex offender who suffers from a mental abnormality. A bench trial on the issue of whether respondent was a dangerous sex offender requiring confinement was then held pursuant to Mental Hygiene Law § 10.07 (f). Supreme Court concluded that civil confinement of respondent was necessary. Respondent now appeals, contesting only Supreme Court's finding that he requires civil confinement, rather than strict and intensive supervision and treatment (hereinafter SIST) on an outpatient basis.*

---

* The jury's finding that respondent suffers from a "mental abnormality"—statutorily defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in

We affirm. Pursuant to the Mental Hygiene Law, following a jury's determination that a respondent suffers from a mental abnormality, it is for the court to determine whether he or she "is a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision" (Mental Hygiene Law § 10.07 [f]). A determination that the respondent is a dangerous sex offender requiring confinement requires proof "by clear and convincing evidence that the respondent has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the respondent is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]).

No dispute exists that the trial testimony established that respondent is a sex offender requiring civil management (*see* Mental Hygiene Law § 10.03 [q]; § 10.07 [f]). In reaching this conclusion, the jury apparently credited the testimony of two expert witnesses who opined, based on respondent's sexual fantasies and crimes involving adolescent girls, his early onset of antisocial and criminal conduct, his continuing problems with substance abuse and his inability to tell consistent versions of events, that respondent suffers from antisocial personality disorder with psychopathic traits. During the dispositional phase of respondent's trial, psychologist Trica Peterson testified that respondent's mental health conditions and substance abuse issues resulted in a strong predisposition to reoffend, and that SIST would not be sufficient to prevent respondent from reoffending at this time. She also noted that, due to respondent's manipulative and controlling behavior and his minimal treatment to date, he was not a good candidate for one-on-one or outpatient treatment.

In contrast, psychologists Erik Schlosser and Joseph Plaud testified that respondent is a candidate for SIST. Schlosser acknowledged respondent's mental abnormality, his strong predisposition to reoffend and his inability to self-manage his antisocial behavior, but opined that extensive supervisory steps could be taken to keep respondent on his treatment program and prevent him from reoffending. Plaud—who testified during the jury trial that respondent does not suffer from any diagnosable sexual or personality disorder—opined that respondent does not pose any real risk of reoffending, especially in light of

---

a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i])—is not at issue (*see* Mental Hygiene Law § 10.07 [d]).

the facts that the instant crime was one of incest and there was a three-year period following the crime during which respondent did not engage in any known criminal sexual behavior.

Mindful that "Supreme Court was in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented" (*Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144 [2010]; *see Sterling v Sterling*, 21 AD3d 663, 665 [2005]), we defer to the court's decision to credit Peterson's testimony over that of the other two psychologists. We are unpersuaded by respondent's suggestion that Peterson's opinions should be discredited because she did not view him as an incest offender, despite the fact that his most recent crimes were against his biological daughter. Respondent did not meet his daughter until she was 13, just months prior to the commencement of the abuse, and he admits that he immediately began manipulating and cultivating the relationship to fulfill his own agenda. Importantly, Peterson's opinion was also based on a prior offense against an unrelated child and respondent's admitted sexual fantasies involving teenage girls. Indeed, given respondent's repeated dismal performance in sexual offender treatment programs as well as his history of substance abuse, documented manipulative behaviors and dishonesty, we decline to disturb Supreme Court's finding that respondent presents an unacceptable risk of danger to the community at this time (*see* Mental Hygiene Law § 10.03 [e]; *Matter of State of New York v Timothy JJ.*, 70 AD3d at 1144; *Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]).

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.