■ In the Matter of STATE OF NEW YORK, Respondent, v KENNETH BB., Appellant. [939 NYS2d 631]—

Malone Jr., J. Appeal from an order of the Supreme Court (Cerio, J.), entered January 11, 2010 in Chemung County, which, in a proceeding pursuant to Mental Hygiene Law article 10, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 2008, petitioner commenced this proceeding against respondent, a detained sex offender, seeking his civil management pursuant to Mental Hygiene Law article 10 (*see* Mental Hygiene

Law § 10.03 [g]; § 10.06 [a]). Supreme Court found probable cause to believe that respondent was a sex offender requiring civil management (*see* Mental Hygiene Law § 10.06 [g], [k]; § 10.03 [q]). Following a jury trial, respondent was found to be a detained sex offender who suffers from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]; § 10.07 [d]) and, following a dispositional hearing, Supreme Court adjudicated respondent a dangerous sex offender requiring confinement, and ordered him confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]; § 10.03 [e]). Respondent appeals.

To the extent that respondent argues that the jury's verdict is not supported by legally sufficient evidence, we are not persuaded. Upon our review of the record, we find that there was a valid line of reasoning by which the jury concluded that respondent suffers from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011], *lv denied* 17 NY3d 702 [2011]). Respondent further contends that the jury's verdict is against the weight of the evidence and the jury erred by crediting the testimony of petitioner's expert over that of his own expert. Petitioner's expert testified that he had reviewed the relevant records and interviewed respondent before concluding that respondent suffered from pedophilia, polysubstance abuse in remission, adjustment disorder with mixed anxiety and depressed mood, and antisocial personality disorder. In light of his findings, petitioner's expert concluded that respondent suffers from a mental abnormality as that term is defined by the statute (*see* Mental Hygiene Law § 10.03 [i]). Respondent's expert testified that he did not consider respondent to be a pedophile because neither of respondent's rape victims was prepubescent and because the allegations that respondent had also sexually abused a six-year-old child were unsubstantiated. Respondent's expert further questioned petitioner's expert's reliance on the Millon Clinical Mult-Axial Inventory (hereinafter MCMI) in diagnosing respondent as having an antisocial personality disorder because he believed that the MCMI cannot provide a definitive diagnosis of such. We do not agree with respondent's argument that, given his expert's credentials, the jury should have given his testimony greater weight than the testimony of petitioner's expert. Both experts were well qualified and the jury was free to make its own credibility determinations and weigh the competing expert testimonies accordingly. Giving deference to the jury's credibility determinations and resolution of the conflicting testimony, "the evidence did not preponderate so greatly in respondent's favor that the jury's conclusion was unreachable under any fair interpretation of the

evidence" (*Matter of State of New York v Myron P.*, 86 AD3d 26, 29 [2011]; *see Matter of State of New York v Richard VV.*, 74 AD3d 1402, 1403 [2010]; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 169 [2009], *lv denied* 14 NY3d 702 [2010]). Accordingly, we find no basis upon which to disturb the jury verdict.

Additionally, Supreme Court's finding that the abnormality from which respondent suffers involves such a strong predisposition to commit sex offenses, and an inability to control his behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility is supported by clear and convincing evidence (*see* Mental Hygiene Law § 10.07 [f]; § 10.03 [e]; *Matter of State of New York v Craig T.*, 77 AD3d 1062, 1063 [2010]). Supreme Court, as the trier of fact at the dispositional hearing, was in the best position to evaluate the credibility of the expert witnesses and weigh the conflicting expert testimony, and we accord deference to its decision to credit the testimony of petitioner's expert over that of respondent's expert (*see Matter of State of New York v Blair*, 87 AD3d 1327, 1327 [2011]). In that regard, petitioner's expert opined that, although respondent's score on a static actuarial risk assessment instrument placed him in the low to moderate risk category, other dynamic factors increased respondent's risk of reoffending. These dynamic factors included respondent's sexual interest in children, his inability to suppress sexual urges—as demonstrated by the fact that respondent committed the instant offenses while on probation—and his distorted attitude about sexual abuse and sexual activities. Petitioner's expert also testified that, while the results of the psychological testing administered to respondent indicated that he had the potential to adjust in society at some point in the future, respondent's manipulative, impulsive and aggressive personality traits currently hinder his ability to do so. The expert also considered respondent's refusal to participate in sex offender treatment while incarcerated, his "abhorrent" behavior while confined to the treatment ward and his inability to comprehend what he needed to do, in terms of developing a relapse prevention plan, in order to avoid reoffending. On this record, Supreme Court's finding that, at this time, respondent is a dangerous sex offender requiring confinement in a secure treatment facility is supported by clear and convincing evidence and will not be disturbed (*see Matter of State of New York v Richard VV.*, 74 AD3d at 1405).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.