Rose, J.
*1047 In June 2010, prior to respondent’s anticipated release from a correctional facility, petitioner commenced this proceeding alleging that respondent is a sex offender requiring civil management (see Mental Hygiene Law § 10.06 [a]). Following a jury trial, respondent was found to be a detained sex offender with a mental abnormality as defined by the Mental Hygiene Law (see Mental Hygiene Law § 10.07 [a]). Thereafter, upon respondent’s consent, Supreme Court found that respondent was a dangerous sex offender requiring confinement and ordered him to be committed to a secure treatment facility. Respondent now appeals.
Contrary to respondent’s contention, the jury’s finding that he suffers from a mental abnormality is not against the weight of the evidence. “[A] jury verdict may be set aside as against the weight of the evidence only when the evidence preponderates so greatly in the movant’s favor that the jury could not have reached its conclusion on any fair interpretation of the evidence” (Matter of Daniel XX., 53 AD3d 819, 820 [2008] [internal quotation marks and citations omitted]; accord Matter of Michael RR., 284 AD2d 786, 787 [2001]). Petitioner presented the testimony of two psychologists, Jacob Hadden and Richard Hamill, who had interviewed respondent and reviewed the relevant records. Petitioner’s experts established that respondent’s sexual misconduct began in 1995, when, at age 17, he was charged with harassment in the second degree after he followed a college student while making vulgar sexual comments and threats toward her. In 1996, respondent was convicted of the crimes of burglary in the second degree and attempted burglary in the second degree. While incarcerated for these crimes, respondent was disciplined for masturbating in front of a female social worker and, on a different occasion, for exposing himself to a correction counselor while making sexually explicit threats regarding the counselor’s wife and daughter. In January 2003, within two months after being released on parole, respondent had sexual intercourse with a 13-year-old female multiple times, resulting in his conviction for the crimes of rape in the second degree and sodomy in the second degree. In 2004, while incarcerated, respondent was disciplined for sending a four-page, sexually explicit letter to a woman who did not know him. After respondent was again released on parole in 2008, he committed a violation within one month by making a sexually explicit *1048 telephone call to a woman he did not know, resulting in the revocation of his parole. Thereafter, respondent was transferred from his correctional facility to a psychiatric center, where, in 2010, he was found publicly masturbating while looking at a female staff member.
Both of petitioner’s experts diagnosed respondent with paraphilia not otherwise specified and antisocial personality disorder,. and concluded that the combination of these diagnoses predispose respondent to commit sex offenses. Additionally, both of petitioner’s experts found that respondent’s repeated sexual misconduct while incarcerated or otherwise supervised demonstrates that he is unable to control his behavior, thereby establishing a mental abnormality as that term is defined by the statute (see Mental Hygiene Law §§ 10.07 [d]; 10.03 [i]).
Respondent’s expert psychologist, Don Grief, also diagnosed respondent with antisocial personality disorder, but discounted respondent’s sexual behavior as nothing more than an attempt to evoke reactions that stemmed from his antisocial personality behavior. Respondent argues that Griefs testimony was more credible than that of petitioner’s experts because, among other things, theirs was contradicted by an earlier case review and a progress note in respondent’s institutional records. In considering the expert opinions, however, “the jury was free to make its own credibility determinations and weigh the competing expert testimonies accordingly” (Matter of State of New York v Kenneth BB., 93 AD3d 900, 901 [2012]). Given that all of the expert witnesses were qualified and these issues were fully aired before the jury, we defer to the jury’s credibility determinations and conclude that its verdict is fully supported by the evidence (see Matter of State of New York v Richard VV., 74 AD3d 1402, 1404 [2010]; Matter of State of New York v Timothy JJ., 70 AD 3d 1138, 1142 [2010]).
We also reject respondent’s contention that Supreme Court erred by permitting testimony about misconduct recorded in his presentence report, as psychiatric examiners are permitted to consider such reports (see Mental Hygiene Law § 10.08 [b]; Matter of State of New York v Mark S., 87 AD3d 73, 77-78 [2011], lv denied 17 NY3d 714 [2011]; see also People v Mingo, 12 NY3d 563, 572-574 [2009]). Nor can we agree with respondent’s argument that the verdict sheet confused the jury by presenting the issue in the form of two questions, as Supreme Court’s verdict sheet was consistent with PJI 8:8 and there was no evidence that the jury was confused (see Matter of State of New York v Chrisman, 75 AD3d 1057, 1058 [2010]; see also Matter of State of New York v Pierce, 79 AD3d 1779, 1781 [2010], lv denied 16 *1049 NY3d 712 [2011]; see generally Alvarado v Dillon, 67 AD3d 1214, 1215-1216 [2009]).
Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.