■ In the Matter of STATE OF NEW YORK, Respondent, v LONARD ZZ., Appellant. [954 NYS2d 675]—

Lahtinen, J. Appeal from an order of the Supreme Court (Tait, J.), entered March 23, 2011 in Tioga County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.

---

Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking to have respondent detained as a dangerous sex offender requiring civil management following his incarceration for two counts of rape in the first degree. After a jury trial, respondent was found to suffer from a mental abnormality as that term is defined in the Mental Hygiene Law (*see* Mental Hygiene Law § 10.03 [i]). Supreme Court then conducted a dispositional hearing, after which it concluded that petitioner had established by clear and convincing evidence that respondent was a dangerous sex offender in need of confinement and committed him to a secure treatment facility (*see* Mental Hygiene Law § 10.03 [e]; *Matter of State of New York v Richard VV.*, 74 AD3d 1402, 1405 [2010]). Respondent now appeals.

Respondent raises two arguments on appeal. His first argument, that Supreme Court erred in allowing petitioner's expert witness to testify about handwritten hearsay statements at the jury trial,* is unpreserved for our review since no objection to that testimony was made (*see* *Matter of State of New York v Wilkes*, 77 AD3d 1451, 1452 [2010]). Respondent also contends that the weight of the evidence does not support Supreme Court's determination at the dispositional hearing that respondent is a dangerous sex offender requiring confinement to a secure treatment facility, rather than strict and intensive supervision and treatment.

At the dispositional hearing, petitioner's expert based his opinion that respondent needed confinement upon his interviews with respondent and his mother, respondent's mental health records and the expert's use of actuarial risk assessment instruments. The risk assessment score placed respondent in a category of moderate to high risk to reoffend. The expert's interview with respondent's mother (who was respondent's primary support system outside of confinement) led to the expert's testimony that she would be a poor source of support for respondent, she was unlikely to aid him in his efforts to avoid reoffending because she did not believe he had ever engaged in sexual misconduct, and she did not understand that he should be prevented from interacting with children. The expert also identified additional risk factors, such as a significant history of

---

* Respondent also contends that Supreme Court erred in allowing this testimony at the probable cause hearing (*see* Mental Hygiene Law § 10.06). However, no appeal lies from an order determining that probable cause has been established (*see* Mental Hygiene Law § 10.13 [b]; *Matter of State of New York v Stein*, 85 AD3d 1646, 1648 [2011], *affd sub nom. Matter of State of New York v Shannon S.*, 20 NY3d 99 [2012]).

substance abuse, lifestyle instability and poor emotional regulation, which he concluded would make it difficult for respondent to refrain from deviant sexual conduct if not confined.

Respondent's expert challenged the usefulness of the actuarial instruments relied upon by petitioner's expert and opined that strict and intensive supervision and treatment would be an appropriate disposition for respondent given the existence of mitigating factors, such as respondent's age and ability to conform to the strictly regimented environment of prison. After reviewing the conflicting expert testimony and all the evidence independently and according deference to Supreme Court's credibility assessments (*see Matter of State of New York v Timothy EE.*, 97 AD3d 996, 998 [2012]; *Matter of State of New York v Richard VV.*, 74 AD3d at 1405), we find no basis upon which to disturb the disposition.

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.