In the Matter of WILLIAM II., Appellant, v STATE OF NEW YORK, Respondent. [974 NYS2d 158]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered June 14, 2012 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge and/or release to the community under a regimen of strict and intensive supervision and treatment.

Petitioner, who had a history of sex-related as well as other criminal conduct, was convicted in 2000 of two counts of sexual abuse in the first degree and sentenced to consecutive terms of five years in prison. The underlying acts occurred during a time when he resided in a nursing home while recovering from surgery and involved repeated instances on separate days of fondling the breasts and touching the genitals of various disabled female patients. As his release from prison approached, a

proceeding was commenced under Mental Hygiene Law article 10 and he was found, after trial in 2009, to be a dangerous sex offender requiring confinement. Upon receiving his annual notification of the right to petition for discharge, petitioner commenced this proceeding in January 2012 seeking discharge. Following a retention hearing, Supreme Court found that petitioner remained a dangerous sex offender requiring confinement. Petitioner appeals.

Petitioner asserts that the proof was insufficient to establish that he is a dangerous sex offender who should be confined. A civilly-confined sex offender is entitled to annual judicial review at which respondent has the burden of proving by clear and convincing evidence that such individual remains a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [a], [d], [h]; Matter of State of New York v Treat, 100 AD3d 1513, 1513 [2012], lv denied sub nom. State of New York v Edward T., 20 NY3d 861 [2013]). Expert testimony is typically presented by respondent and, since the trier of fact is in the best position to evaluate the weight and credibility of the expert testimony, we accord deference to its determination regarding such proof (see Matter of State of New York v Kenneth BB., 93 AD3d 900, 902 [2012]; Matter of State of New York v Donald N., 63 AD3d 1391, 1394 [2009]; see also Matter of George L., 85 NY2d 295, 305 [1995]).

Here, Trica Peterson, who conducted a psychiatric evaluation of petitioner in December 2011, testified and opined that he remains a dangerous sex offender requiring confinement. Her opinion was amply supported by her testimony, her report and the records pertaining to petitioner. Among other things, she noted his antisocial personality disorder, lack of remorse, deceitfulness, noncompliance with rules and supervision, use of sex to cope with negative emotions, including anger, callousness and disregard of others, failure to take responsibility for prior sexual assaults, and refusal to participate in treatment. She acknowledged his advanced age (then 70 years old), onset of dementia and confinement to a wheelchair. Although she related that he was a likely candidate for residence in a nursing home given these conditions, she also observed that the sexual assaults that resulted in his most recent incarceration occurred when he was confined to a wheelchair while in a nursing home. Cross-examination revealed some weaknesses in Peterson's testimony, but her testimony, if credited, was sufficient to establish petitioner as a dangerous sex offender in need of confinement. Supreme Court credited Peterson's testimony and we find no reason in this record not to accept that credibility determination. No other witness testified at the hearing.

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.