Egan Jr., J.
Appeal from an order of the Supreme Court (Hall, J.), entered November 30, 2012 in Washington County, which granted petitioner’s application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.
In February 1990, respondent pleaded guilty to attempted assault in the second degree and subsequently was sentenced to a prison term of IV2 to 3 years. The conviction stemmed from an incident that occurred in October 1989 wherein respondent and another individual handcuffed the 20-year-old male victim to the base of a toilet for nine hours, during which time respondent repeatedly threatened the young man’s life, urged his accomplice to stab the victim with a knife and attempted to force the victim to perform oral sex. Thereafter, in May 1992, respondent was convicted of, insofar as is relevant here, three counts of sexual abuse in the third degree — based upon his conduct involving a 10-year-old girl and a six-year-old boy — and was sentenced to, among other things, consecutive prison terms of 3V2 to 7 years. According to the victims, respondent touched the young girl’s breasts and vagina while respondent’s wife was asleep in the same room and hanged the young boy — by his testicles — from a support beam in the basement of his residence for what was reported to be approximately 20 minutes. Although respondent completed a sex offender treatment program while incarcerated, he subsequently denied — during the course of a parole interview — the conduct forming the basis for the 1992 convictions and was asked to again complete a treatment program. Respondent refused.
*1094 Thereafter, and in anticipation of respondent’s release from prison, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking, among other things, an order finding that there was probable cause to believe that respondent was a sex offender requiring civil management. Respondent subsequently stipulated that he was a detained sex offender (see Mental Hygiene Law § 10.03 [g]) suffering from a mental abnormality (see Mental Hygiene Law § 10.03 [i]) and waived his right to a jury trial on this issue. Following a dispositional hearing, Supreme Court found that petitioner had established — by clear and convincing evidence — that respondent was a dangerous sex offender in need of confinement and committed respondent to a secure treatment facility. This appeal by respondent ensued.
We affirm. “To demonstrate that respondent is a dangerous sex offender requiring civil confinement, petitioner was required to prove ‘by clear and convincing evidence that . . . respondent has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility’ ” (Matter of State of New York v Walter W., 94 AD3d 1177, 1178 [2012], lv denied 19 NY3d 810 [2012], quoting Mental Hygiene Law § 10.07 [f]; see Matter of State of New York v Jason H., 82 AD3d 778, 779 [2011]; Matter of State of New York v Craig T., 77 AD3d 1062, 1063 [2010]). Based upon our independent review of the record, and according due deference to Supreme Court’s credibility determinations (see Matter of State of New York v Walter W., 94 AD3d at 1180; Matter of State of New York v Kenneth BB., 93 AD3d 900, 902 [2012]), we are satisfied that petitioner discharged its statutory burden here.
Although respondent’s expert, Leonard Bard, testified that respondent did not suffer from any diagnosable mental condition, respondent conceded that he was a detained sex offender suffering from a mental abnormality, and petitioner’s expert, Timothy Wisniewski, diagnosed respondent as a sexual sadist with an antisocial personality disorder and a psychopathic personality. As to the remaining elements, Wisniewski testified that respondent’s “wide victim pool ranging from very small children to adults,” coupled with his admission that “he has . . . fantasies about abusing other people,” indicated that respondent possessed “a very strong predisposition to commit sexual offenses.” Wisniewski further testified that respondent’s denial of the subject offenses, together with his pattern of escalation (as evidenced by his progression from abusing the *1095 six-year-old victim for approximately 20 minutes to his abuse of the 20-year-old victim for approximately nine hours[1] ) and the fact that he abused his victims despite the potential consequences or risk of detection,[2] all evidenced respondent’s inability to control his behavior. Specifically, Wisniewski opined that “by denying the fact that he has a sadistic problem or his psychopathy, [respondent] is going to be unable to attend to the triggers and things that occur within the community to let him know when he is in a lot of danger.” Although Wisniewski acknowledged that respondent did not have a history of sex-related disciplinary infractions while incarcerated, Wisniewski nonetheless was of the view that respondent’s untreated sexual deviance and psychopathy constituted a “deadly combination” that placed him at a “very high risk within the community for sexual recidivism.” For all of these reasons, and based upon respondent’s scoring on certain actuarial risk assessment instruments, Wisniewski concluded that respondent’s release into strict and intensive supervision and treatment in the community was not a viable option, as “the community [was] a completely inappropriate place to be dealing with [respondent’s] violent sexual urges.”
Although Bard disagreed with Wisniewski’s diagnosis of sexual sadism, testified that respondent no longer showed signs of an antisocial personality disorder, discounted the significance of the actuarial instruments utilized by Wisniewski and contended that respondent had demonstrated an ability to control his behavior, thereby rendering him “a good candidate” for supervised release, “Supreme Court was in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented” (Matter of State of New York v Craig T., 77 AD3d at 1064 [internal quotation marks and citation omitted]) and was free to credit Wisniewski’s testimony over that offered by Bard. Accordingly, based upon our review of the record as a whole, we discern no basis upon which to disturb Supreme Court’s finding that respondent is a dangerous sex offender in need of confinement (see Matter of State of New York v Donald DD., 107 AD3d 1062, 1064-1065 [2013], lv granted 21 NY3d 866 [2013]; Matter of State of New York v Lonard ZZ., 100 AD3d 1279, 1280-1281 [2012]; Matter of State of New York v Timothy EE., 97 AD3d 996, 998-999 [2012]; Matter of State of *1096 New York v Richard VV., 74 AD3d 1402, 1405 [2010]). Respondent’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. Although respondent was not convicted of the crimes involving the younger children until 1992, the underlying conduct occurred prior to his abuse of the 20-year-old victim in late 1989.

. Wisniewski noted that respondent made no attempt to disguise his identity during the nine-hour incident involving the 20-year-old victim and abused the 10-year-old victim while his wife was sleeping in the same room.