*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    519498
_____

In the Matter of SINCERE KK.,
                    Appellant,
          v                                  MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  April 29, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                    _____


        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Shannon Stockwell of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Demarest, J.),
entered February 3, 2014 in St. Lawrence County, which dismissed
petitioner's application, in a proceeding pursuant to Mental
Hygiene Law article 10, for his discharge from confinement at a
secure treatment facility.

        The facts underlying petitioner's convictions and
confinement to a secure treatment facility as a dangerous sex
offender are more fully set forth in our prior decision affirming
an order denying his release (Matter of Sincere KK. v State of
New York, 111 AD3d 1083 [2013], lv denied 22 NY3d 862 [2014]).

After another year in the facility, petitioner again exercised his right to petition for discharge (see Mental Hygiene Law § 10.09 [a]). Supreme Court held an evidentiary hearing at which it received the report and testimony of Judy Scarpelli-Dwyer, a psychiatric examiner for the Office of Mental Health. Following the hearing, Supreme Court concluded that petitioner remained a dangerous sex offender requiring confinement.

Petitioner appeals, arguing that Scarpelli-Dwyer was not credible and, therefore, respondent failed to submit clear and convincing evidence that he has "an inability to control [his] behavior" such that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see Matter of State of New York v Michael M., 24 NY3d 649, 653 [2014]). We disagree. Scarpelli-Dwyer's conclusion that petitioner lacked the ability to control his behavior was based on, among other things, his failure to advance beyond the first phase of treatment, his refusal to admit his crimes or to be tested regarding his attraction to children, and his continued aggressive, violent behavior toward peers and staff members in the facility, including inappropriate sexual comments and threats toward female staff members. Defendant also scored as a high risk to reoffend on actuarial assessments, presented no evidence contradicting Scarpelli-Dwyer's testimony and failed to offer any insight into his behavior. To the extent that petitioner claims that Scarpelli-Dwyer improperly relied on hearsay statements, Supreme Court accepted her report with the understanding that it would not consider the unreliable hearsay in it, and there is nothing in the record to suggest that the court improperly relied on any such hearsay in making its factual findings (see Matter of State of New York v Armstrong, 119 AD3d 1431, 1432 [2014]; Matter of State of New York v Mark S., 87 AD3d 73, 80 [2011], lv denied 17 NY3d 714 [2011]). Based on our independent review of the record, and deferring to Supreme Court's ability to evaluate the weight and credibility of the expert's testimony (see Matter of State of New York v Timothy EE., 97 AD3d 996, 998 [2012]; Matter of State

of New York v Kenneth BB., 93 AD3d 900, 902 [2012]), we find no basis to disturb the court's determination that respondent is a dangerous sex offender in need of confinement (see Matter of State of New York v Barry W., 114 AD3d 1093, 1095-1096 [2014]; Matter of State of New York v Andrew D., 114 AD3d 1043, 1044 [2014]).

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court