# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**240**

**CA 16-00137**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF LEROY PIERCE, CONSECUTIVE NO. 265463, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(MICHAEL F. HIGGINS OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered December 22, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner's commitment to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, petitioner appeals from an order, entered after an annual review hearing (§ 10.09 [d]), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (*see* § 10.09 [h]). We affirm.

Petitioner contends that the evidence is legally insufficient to support the finding that he is a dangerous sex offender requiring confinement within the meaning of the statute because the evidence presented by respondents failed to establish that he has such an inability to control his behavior that he was likely to be a danger to others and to commit sex offenses if not confined (*see* Mental Hygiene Law § 10.03 [e]). We reject that contention. Here, respondents' expert conducted a psychiatric examination in anticipation of petitioner's annual review hearing and issued a report pursuant to Mental Hygiene Law § 10.09 (b) that, among other things, documented

petitioner's history of criminal sexual conduct against female teenagers and children; indicated that petitioner suffered from conditions including pedophilic disorder; noted that petitioner minimized and avoided his deviant sexual attraction to children in favor of explaining that his offenses resulted from his seeking emotional gratification; and reviewed the actuarial tests and dynamic factors that resulted in an assessment of petitioner's recidivism risk as "moderate-high."  Petitioner's independent psychiatric examiner initially agreed with respondents' expert that petitioner was a dangerous sex offender requiring confinement, and the proceeding was stayed for a significant period of time until petitioner sought a hearing after his examiner issued an addendum indicating that, upon review of petitioner's most recent treatment records, he no longer required confinement.

Respondents' expert explained at the hearing conducted two years after she issued her initial report that, although petitioner had declined to be re-interviewed by her, she updated her information through a conversation with petitioner's treatment providers and a review of petitioner's service plans and progress notes covering the intervening period.  Respondents' expert concluded that, even after the additional treatment while confined, petitioner remained unable to control his sex-offending behaviors based upon, among other things, his history of sex crimes and violations when released to the community; his chronic pedophilic disorder that he had not adequately addressed in treatment through comprehensive discussion of all of his offenses; his difficulty identifying why he gravitated to children for sexual gratification as opposed to adults; his display of cognitive distortions in referring to his offenses; and his failure to address and understand all components of his offense cycle given his lack of focus on his fantasies and sexual arousal to children (*see Matter of Wright v State of New York*, 134 AD3d 1483, 1486-1487; *see generally Matter of State of New York v Walter W.*, 94 AD3d 1177, 1179, *lv denied* 19 NY3d 810).

With respect to petitioner's offense cycle, respondents' expert was particularly concerned that petitioner had focused exclusively on his teenage victims and that his intervention strategies were inapplicable to his child victims, especially those who were strangers to him.  As petitioner correctly notes, respondents' expert acknowledged that a recent service plan by petitioner's treatment providers indicated that petitioner's goal of addressing his sexual deviance and emotional identification had been achieved and discontinued.  Respondents' expert further explained, however, that the progress notes in the service plan indicated that petitioner had gained insight only with respect to his sexual misconduct against teenagers and he had not adequately addressed his sexual deviance against children, including all of his younger victims, and the service plan was subsequently amended to reinstate petitioner's goal of adequately addressing his sexual deviance.

Contrary to petitioner's further contention, additional factors including his recidivism risk, with which his own examiner agreed even after accounting for petitioner's increase in age, indicated that

petitioner would not be able to comply with the rules of the strict and intensive supervision and treatment program (*see Matter of State of New York v Robert F.*, 25 NY3d 448, 454-455; *Matter of State of New York v Breeden*, 140 AD3d 1649, 1650).

Thus, upon our review of the record, we conclude that respondents established by the requisite clear and convincing evidence that petitioner "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; *see Robert F.*, 25 NY3d at 454-455; *Matter of Billinger v State of New York*, 137 AD3d 1757, 1758, *lv denied* 27 NY3d 911).

Petitioner further contends that the determination is against the weight of the evidence because respondents' expert interfered with the treatment providers' assessment of petitioner's progress, and her opinion was inconsistent with petitioner's treatment notes and the opinion of petitioner's expert that he did not require confinement. We reject that contention.

Respondents' expert explained that she was concerned with the recent change in petitioner's service plan discontinuing his goal of addressing his criminogenic need of sexual deviance, and thus chose to conference with petitioner's treatment providers to determine the reason for the change, particularly because petitioner had not consented to a re-interview with her, and the clinical notes indicated that petitioner had been focused on his teenage victims rather than incorporating each of his child victims into his treatment. Respondents' expert also explained that she had no ability to request an updated service plan and that the treatment providers had, upon additional review, determined prior to the conference that they should not have discontinued the goal addressing sexual deviance. The evidence established that the treatment providers subsequently issued an amended service plan indicating that petitioner needed to continue exploring his offense history in order to identify his attraction to younger children and the offending patterns associated with each victim, and to develop substantial interventions that would ensure his safe presence in the community.

The court was in the best position to evaluate the weight and credibility of this evidence and the conflicting expert testimony at the hearing and, upon review of the record as a whole and in light of her explanations, we see no reason to disturb the court's decision to credit the testimony of respondents' expert that petitioner remains a dangerous sex offender requiring confinement (*see Matter of State of New York v Parrott*, 125 AD3d 1438, 1439, *lv denied* 25 NY3d 911; *see also Matter of Sincere KK. v State of New York*, 129 AD3d 1254, 1255, *lv denied* 26 NY3d 906; *Matter of State of New York v Barry W.*, 114

AD3d 1093, 1095).

Entered:  March 24, 2017                      Frances E. Cafarell
                                              Clerk of the Court