Mulvey, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered November 9, 2015 in St. Lawrence County, which dismissed petitioner’s application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.
Following his 2005 conviction of attempted criminal sexual act in the first degree, petitioner was sentenced to a prison term of seven years and was adjudged to be a dangerous sex offender resulting in his confinement in a secure treatment facility pursuant to Mental Hygiene Law article 10. In February *1301 2015, he filed a petition for discharge from confinement in accordance with Mental Hygiene Law § 10.09. Following an evi-dentiary hearing, Supreme Court determined that respondent had demonstrated that petitioner was a dangerous sex offender requiring continued confinement. Petitioner appeals from that determination, and we affirm.
Petitioner asserts that respondent failed to meet its burden of establishing by clear and convincing evidence that he continues to be a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.09 [d], [h]). A dangerous sex offender requiring confinement is defined as “a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (Mental Hygiene Law § 10.03 [e]; see Matter of Sincere KK. v State of New York, 111 AD3d 1083, 1084 [2013], lv denied 22 NY3d 862 [2014]).
Supreme Court heard testimony from two psychologists, Cal-len Kostelnik for respondent and Roy Aranda for petitioner, both of whom agreed that petitioner continues to suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i). Thus, the issue before Supreme Court was whether petitioner was a dangerous sex offender requiring confinement, or whether he could be safely managed under “strict and intensive supervision and treatment” (hereinafter SIST) (Mental Hygiene Law § 10.11 [a] [1]; see Mental Hygiene Law § 10.03 [r]; Matter of State of New York v Michael M., 24 NY3d 649, 653 [2014]). The two experts reached different conclusions regarding whether petitioner has an inability to control his behavior (see Matter of State of New York v Michael M., 24 NY3d at 660), and the need for petitioner’s continued confinement. Supreme Court received into evidence written reports from each expert that detailed their respective conclusions. The record demonstrates that over the course of 13 years, petitioner had a history of sex-offending behavior involving male victims between the ages of 13 and 15.[1] In addition to five convictions, petitioner admitted to at least one other similar incident. It is undisputed that petitioner has a deviant attraction to adolescent boys and that his schizoaffective disorder caused him to hear voices that command him to touch children.
Kostelnik’s reasons underlying her opinion that petitioner *1302 requires continued confinement included petitioner’s cognitive distortion in discussing his past sexual offenses, his failure to understand the factors that place him at risk of reoffending, his lack of a realistic plan to avoid reoffending if he returns to the community,[2] the chronic nature of his clinical diagnoses (pedophilic tendencies and schizoaffective disorder) and his history of poor performance while under supervision. She also pointed out that petitioner has yet to complete a sex offender treatment program while in detention. Kostelnik administered a standardized diagnostic tool known as the Violence Risk Scale-Sexual Offender Version in order to assess petitioner’s risk of reoffending. She concluded that, based upon the results of this diagnostic tool, petitioner is at a high risk for reoffend-ing. Based upon petitioner’s complete psychological portrait, Kostelnik testified that petitioner has a strong predisposition to commit sex offenses, and such an inability to control his behavior that he is likely to be a danger to others and commit sex offenses if not confined in a secure treatment facility.
Aranda concluded that petitioner should be released under SIST. He noted that petitioner had not engaged in “proxy behaviors,” which he described as ways to satisfy an urge without offending. He observed improvements in various aspects of petitioner’s condition since his last meeting with petitioner in 2013,[3] pointing out that petitioner has been compliant with prescribed medications, attends his programs and has not been “acting out.” Aranda did not administer any risk assessment tests. Aranda posited that because SIST has very strict and onerous requirements, and petitioner will be closely monitored as a registered sex offender, he could be safely monitored in the community on SIST with conditions.
The experts also disagreed about whether petitioner’s age mitigated his risk of reoffending.[4] Aranda testified that studies show that after age 60, the risk of committing sex offenses decreases by half. Kostelnik pointed out that, although research shows that the risk of committing sexual offenses decreases after age 40, petitioner was offending until he was almost 50, and, in her opinion, petitioner’s age did not mitigate the risk of him committing a sex offense.
Supreme Court “was in the best position to evaluate the credibility of the expert witnesses and weigh the conflicting expert testimony, and we accord deference to its decision to *1303 credit the testimony of [respondent]'s expert over that of [petitioner] ’s expert” (Matter of State of New York v Kenneth BB., 93 AD3d 900, 902 [2012]; see Matter of State of New York v Barry W., 114 AD3d 1093, 1095 [2014]). Further, based upon our independent review of the record, we find that Kostelnik’s testimony and report provide a sufficient psychological portrait to support, by clear and convincing evidence, Supreme Court’s determination that petitioner is unable to control his behavior such that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Matter of Rene I. v State of New York, 146 AD3d 1056, 1058 [2017]; Matter of William II. v State of New York, 110 AD3d 1282, 1283 [2013]).
Egan Jr., J.P., Lynch, Rose and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.

. Kostelnik’s report refers to the victim’s ages as between 12 and 15.

. Petitioner’s relapse prevention plan was simply to stay at home as much as possible and avoid people.

. In 2013, Aranda recommended against releasing petitioner to SIST.

. Petitioner was 61 at the time of the hearing.