◼ In the Matter of CRAIG W., Appellant, v STATE OF NEW YORK, Respondent. [56 NYS3d 365]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Farley, J.), entered January 26, 2016 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.

In 1995 and at the age of 18, petitioner pleaded guilty to sexual misconduct for having intercourse with a 16-year-old female. In 2001, petitioner pleaded guilty to sexual abuse in the first degree, based on subjecting an individual less than 11 years old to sexual contact, and assault in the third degree. Petitioner was sentenced to six months of incarceration and 10 years of probation. In 2002, and due to subsequent contact with two underage females and his failure to participate in substance abuse counseling, petitioner violated his probation. He was thereafter resentenced to four years in prison. During his imprisonment, he committed two disciplinary infractions, one for having consensual sex with a male inmate and one for exposing himself and masturbating in front of a female staff member. During the same period, petitioner participated in, but failed to complete, a sex offender treatment program. After being paroled, he violated his parole by assaulting a fellow patient at a psychiatric hospital. Petitioner thereafter pleaded guilty to assault in the third degree and was sentenced to six months of incarceration.

In 2007, respondent filed a Mental Hygiene Law article 10 civil management petition that resulted in a finding that petitioner suffered from a mental abnormality and was a dangerous sex offender requiring confinement. In July 2015, petitioner was up for his seventh annual review, and he requested an evidentiary hearing (*see* Mental Hygiene Law § 10.09 [d]). Following an evidentiary hearing in which petitioner and respondent offered competing expert witness testimony, Supreme Court determined that petitioner remained a dangerous sex offender requiring confinement (*see generally* Mental Hygiene Law § 10.09 [d], [h]). Petitioner appeals.

We affirm. Conceding that he has the requisite mental

abnormality, petitioner argues that respondent failed to prove by clear and convincing evidence that he has "such an inability to control [his] behavior" that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; *see Matter of Sincere KK. v State of New York*, 129 AD3d 1254, 1255 [2015], *lv denied* 26 NY3d 906 [2015]).

Respondent offered the testimony and report of Office of Mental Health psychologist Harold Hamilton. Hamilton diagnosed petitioner with pedophilic disorder, nonexclusive type, sexually attracted to both; hebephilic disorder; frotteuristic disorder; alcohol use disorder; cannabis use disorder; major depressive disorder; antisocial personality disorder; and intellectual disability, mild. Hamilton explained that, in the past, petitioner has blamed his four-year-old sexual abuse victim, stating that she "knew what she was doing, [and] wanted to do it" and, in 2009, indicated that he "strongly agreed" both that "sometimes molesters suffer the most . . . as a result of a sexual assault on a child" and that "the main thing wrong with sexual activity with children is that it is against the law." Hamilton testified that petitioner had recently acknowledged, in response to a question about sexual arousal, "that he had fantasies of a four-year-old." Hamilton also testified that petitioner has a history of masturbating to fantasies of his victim. Acknowledging the lack of evidence that petitioner had masturbated to deviant fantasies after July 2014, Hamilton explained that such inaction could be attributable to libido-reducing medication. Hamilton further noted that, in April 2015, petitioner admitted to having deviant sexual thoughts about a staff member and that he was afraid of attacking her.

Hamilton further opined that petitioner had not gained insight into his sexual offending cycle, and specifically that he frequently slept or was disengaged when in sex offender group treatment. He explained that, after eight years of treatment, petitioner remains in phase II of a four phase treatment program at the psychiatric center, having regressed from phase III. Hamilton further opined on petitioner's frequent physical and verbal altercations, explaining that aggressive conduct and poor emotional regulation are "part of [petitioner's] sexual offense cycle." Further, Hamilton noted that petitioner relied heavily on staff to prevent him from harming himself and others, and concluded that such dependence on supervision and intervention was not consistent with the independence needed for release to the community. Finally, Hamilton evaluated petitioner using an actuarial instrument, the Violence Risk

Scale for Sex Offenders, and petitioner scored a 56½, which indicated a high risk of recidivism. Based on this and other information, Hamilton opined that petitioner was "unable to control himself . . . to combat his underlying sexual deviance," and that he remained a dangerous sex offender requiring continued confinement.

Petitioner's expert, licenced psychologist Trica Peterson, largely agreed with Hamilton's diagnoses of petitioner,* and she similarly scored petitioner as a "high risk" on the Violence Risk Scale for Sex Offenders. She acknowledged that petitioner had made minimal progress in his eight years at the psychiatric center when compared to a person of average intelligence, and her review revealed the additional information that petitioner had, in 2012, squeezed the nipple of a male psychologist that petitioner had admitted to having a "crush" on. Nonetheless, Peterson opined that petitioner was not a dangerous sex offender requiring confinement, and that, more specifically, petitioner has shown an ability to control his sexual behavior. Peterson acknowledged that petitioner continued to have sexually deviant thoughts about children as recently as that year, but relied on the fact that there was no recent evidence that he continued to masturbate to such fantasies in reaching the conclusion that he was not unable to control his sexual behavior. Peterson also emphasized evidence that petitioner had shown some ability to recognize situations in which he struggles with sexual deviant thoughts and had sought assistance from treatment providers in such instances.

"Supreme Court was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented" (*Matter of State of New York v Barry W.*, 114 AD3d 1093, 1095 [2014] [internal quotation marks and citation omitted]), and it was free to credit Hamilton's testimony over Peterson's testimony. Based on our review of the record, and deferring to Supreme Court's credibility determinations, we find no reason to disturb the court's conclusion that petitioner is a dangerous sex offender in need of confinement (*see Matter of Rene I. v State of New York*, 146 AD3d 1056, 1057-1058 [2017]; *Matter of Sincere KK. v State of New York*, 129 AD3d at 1255; *Matter of Sincere KK. v State of New York*, 111 AD3d 1083, 1085 [2013], *lv denied* 22 NY3d 862 [2014]; *compare Matter of State of New York v Michael M.*, 24 NY3d 649, 658-660 [2014]). To the extent not specifically addressed herein,

---

* To the extent they disagreed, Peterson's diagnosis of antisocial personality disorder was provisional, and she did not diagnose petitioner with frotteuristic disorder or hebephilic disorder.

petitioner's remaining arguments have been considered and are without merit.

Egan Jr., Lynch, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.