Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered August 24, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that petitioner is a dangerous sex offender requiring confinement.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement and directing that he continue to be confined to a secure treatment facility (see §§ 10.03 [e]; 10.09 [h]).
 

 We reject petitioner’s contention that the evidence is legally insufficient to establish that his continued confinement is required. Respondents presented the testimony of two psychologists who opined that petitioner suffers from pedophilic disorder and antisocial personality disorder, as well as the “additional condition” of psychopathy, and that those conditions render him unable to control his sex-offending behavior. The psychologists’ opinions were based on, inter alia, petitioner’s history of sex offenses, his scores on risk assessment instruments, and his “minimal progress” in treatment programs, including his continuing denial that he committed the underlying offenses. Viewing the evidence in the light most favorable to respondents (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014]), we conclude that they met their burden of establishing by clear and convincing evidence that petitioner suffers from a mental abnormality “involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (Mental Hygiene Law § 10.03 [e]; see § 10.07 [f]; Matter of State of New York v Bushey, 142 AD3d 1375, 1376-1377 [4th Dept 2016]; Matter of Billinger v State of New York, 137 AD3d 1757, 1758 [4th Dept 2016], lv denied 27 NY3d 911 [2016]; Matter of Sincere KK. v State of New York, 129 AD3d 1254, 1254-1255 [3d Dept 2015], lv denied 26 NY3d 906 [2015]). Contrary to petitioner’s contention, the absence of evidence that he has engaged in sexual misconduct while confined does not render the evidence legally insufficient to warrant his continued confinement (see generally Matter of State of New York v Robert V., 111 AD3d 541, 542 [1st Dept 2013], lv denied 23 NY3d 901 [2014]).
 

 We reject petitioner’s further contention that Supreme Court’s confinement determination is against the weight of the evidence (see Matter of Vega v State of New York, 140 AD3d 1608, 1608-1609 [4th Dept 2016]; Billinger, 137 AD3d at 1758-1759). Although petitioner was 63 years old at the time of the hearing and has serious medical problems that allegedly limit his mobility, “we see no reason to disturb the court’s decision to credit the testimony of respondents’ [witnesses] that petitioner remains a dangerous sex offender requiring confinement” (Matter of Pierce v State of New York, 148 AD3d 1619, 1622 [4th Dept 2017]; see Matter of William II. v State of New York, 110 AD3d 1282, 1283 [3d Dept 2013]).
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.