Matter of State of New York v Austin A. (2025 NY Slip Op 01443)

Matter of State of New York v Austin A.

2025 NY Slip Op 01443

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

15 CA 24-00221

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
AUSTIN A., RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered January 29, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and committing him to a secure treatment facility. We affirm.
As relevant here, a " '[d]angerous sex offender requiring confinement' " is a detained sex offender "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined" (id.). Only where the offender is "presently 'unable' to control [their] sexual conduct" may they be confined under section 10.03 (e) (Matter of State of New York v George N., 160 AD3d 28, 33 [4th Dept 2018]; see Matter of State of New York v Mahwee S., 232 AD3d 1325, 1325 [4th Dept 2024]).
Initially, we note that respondent, who has been diagnosed with, inter alia, delusional disorder, hypersexuality, antisocial personality disorder with strong psychopathic traits, narcissistic personality disorder, exhibitionistic disorder, and substance abuse disorders, has abandoned any challenge to the determination that he is a detained sex offender who has a mental abnormality (see generally Matter of State of New York v Tony A., 212 AD3d 1056, 1057 [3d Dept 2023]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Contrary to respondent's contention, petitioner met its burden of proving by clear and convincing evidence that respondent is presently unable to control his sexual conduct and is a dangerous sex offender requiring confinement (see Mahwee S., 232 AD3d at 1325-1326; Matter of Juan U. v State of New York, 149 AD3d 1300, 1302-1303 [3d Dept 2017]; Matter of State of New York v Armstrong, 119 AD3d 1431, 1432 [4th Dept 2014]). Petitioner presented the testimony of three experts who, relying upon several risk assessments, agreed that respondent was a dangerous sex offender requiring confinement in a secure treatment facility. The experts opined that respondent had made minimal progress in treatment (see Matter of Ezra B. v State of New York, 221 AD3d 1597, 1598 [4th Dept 2023]; Matter of Nushawn W. v State of New York, 215 AD3d 1227, 1229 [4th Dept 2023], lv denied 40 NY3d 901 [2023]). The experts also identified numerous dynamic risk factors, which respondent had yet to meaningfully address, that underscored his dangerousness and indicated that respondent posed an enhanced risk of reoffending in the community, including his hypersexuality, deviant sexual interest, exhibitionism, offense-supportive attitudes, grievance thinking, lack of emotionally intimate relationships with adults, [*2]impulsivity, aggression, poor problem solving skills, cannabis and cocaine substance use disorders, noncompliance with rules and supervision, and lack of community or family-based support (see Matter of State of New York v Walter W., 94 AD3d 1177, 1179 [3d Dept 2012], lv denied 19 NY3d 810 [2012]). One of the experts testified that she additionally found no "protective factors" that would mitigate respondent's risk of committing a new sex offense.
We have considered respondent's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court