■ In the Matter of STATE OF NEW YORK, Respondent, v DAVID STEUR, Appellant. [961 NYS2d 12]—

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about February 9, 2011, which revoked an order of Strict and Intensive Supervision and Treatment (SIST) under Mental Hygiene Law article 10, unanimously affirmed, without costs.

Clear and convincing evidence supports the court's finding that respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.11 [d] [4]).

To prove that a respondent is a dangerous sex offender requiring confinement, the State must show, inter alia, that, if not confined, the respondent "is likely to be a danger to others and to commit sex offenses" (Mental Hygiene Law § 10.07 [f]). A sex

offense under article 10 is defined, among other things, as any felony defined in article 130 of the Penal Law (Mental Hygiene Law § 10.03 [p]). The court determined that respondent was likely to commit the felony of persistent sexual abuse (Penal Law § 130.53). A person is guilty of persistent sexual abuse when he commits one of three specified misdemeanor offenses and, within the previous 10 years, has been convicted two or more times of any of those three misdemeanors or of any felony sex offense defined in article 130 (*id.*).

Respondent, who has admitted committing hundreds of acts of groping women's and teenage girls' breasts or buttocks, including 35 such acts on one particular day, does not dispute that he is likely to commit three qualifying misdemeanors in a 10-year period. He argues that the State failed to establish by clear and convincing evidence that he is likely to be convicted of two predicate offenses and to commit a third within 10 years. We find that this reading of the statutory scheme is overly literal and inconsistent with the legislative intent.

The core task in determining whether an individual is a dangerous sex offender requiring confinement is to determine whether the individual is likely to engage in *conduct* that constitutes a felony under Penal Law article 130. Thus, there is an ambiguity in the phrase "likely . . . to commit sex offenses" (Mental Hygiene Law § 10.07 [f]) as applied to Penal Law § 130.53, which incorporates convictions for other offenses as an element of the offense. We find it unlikely that the Legislature intended to exempt individuals who commit serial sex offense misdemeanors from classification as dangerous sex offenders unless and until they have been successfully prosecuted for two such offenses and then commit a third. That interpretation would cast the courts in the role of forecasting law enforcement and judicial outcomes rather than the probability that an individual will engage in conduct dangerous to the community. Accordingly, we hold that when the State seeks to prove that a respondent in a Mental Hygiene Law article 10 proceeding is likely to commit the felony of persistent sexual abuse, it need only establish, by clear and convincing evidence, that the respondent is likely to engage in conduct that would support a conviction.

Respondent also argues that the court's determination that he is a dangerous sex offender requiring confinement is against the weight of the evidence because the State failed to refute his claim that his behavior might be controlled with serotonin-specific reuptake inhibitor (SSRI) medications, which reduce sexual arousal and compulsive behavior. However, all three experts testified that SSRI medications might not reduce the

risk of respondent's reoffending, because his offending behavior was motivated in significant part by factors other than sexual arousal and compulsiveness. The court was entitled to rely on the testimony and report of its appointed expert that there could be no assurances that respondent would not re-offend and that the only way to test this would be to return him to SIST (*see Matter of State of New York v Kenneth BB.*, 93 AD3d 900, 901 [3d Dept 2012]). Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.