Lahtinen, J.P.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered October 4, 2012 in Saratoga County, which granted petitioner’s application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.
Respondent’s history of repeatedly sexually abusing female children is set forth in our earlier decision (Matter of State of New York v Andrew O., 68 AD3d 1161, 1162 [2009], revd 16 NY3d 841 [2011]). That case was reversed because of the prejudicial cross-examination of respondent’s expert regarding the expert’s religious beliefs and remanded for a new trial (Matter of State of New York v Andrew O., 16 NY3d 841, 844 [2011]). On remand, respondent waived his right to a jury trial and consented to a finding that he suffers from a mental abnormality. A dispositional hearing ensued, after which Supreme Court rendered a written decision finding that respondent was a dangerous sex offender requiring confinement. Respondent appeals, contending that the record lacks adequate proof that he is a dangerous sex offender and that, instead, he should have been released into the community under strict and intensive supervision and treatment (hereinafter SIST).
Where, as here, a finding of mental abnormality has been made, “then the court shall consider whether the respondent is a dangerous sex offender requiring confinement or a sex offender requiring [SIST]” (Mental Hygiene Law § 10.07 [f|; see Matter of State of New York v Nelson D., 22 NY3d 233, 238-239 [2013]). Establishing that confinement is appropriate requires petitioner to present “clear and convincing evidence that the respondent has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the respondent is likely to be a danger to others and to commit sex offenses if not confined” (Mental Hygiene Law § 10.07 [f]; see Matter of State of New York v Steur, 102 AD3d 481, 481 [2013]; Matter of State of New York v Walter W., 94 AD3d 1177, 1178 [2012], lv denied 19 NY3d 810 [2012]). Where conflicting expert testimony and other credibility issues are presented at the hearing, we accord deference to the trial court’s assessment of credibility since it is best positioned to make those determinations (see Matter of State of New York v Lonard ZZ., 100 AD3d 1279, 1281 [2012]; Matter of State of *1044 New York v Timothy EE., 97 AD3d 996, 998 [2012]; Matter of State of New York v Walter W., 94 AD3d at 1180).
Petitioner’s proof included testimony by psychologist Christine Rackley, who had evaluated respondent in August 2007 and again in February 2012. Rackley opined that respondent was a dangerous sex offender requiring confinement. She testified about many factors influencing her opinion, including respondent’s tendency to blame his victims or their mothers for his behavior, his remaining reticence to disclose the scope of his offenses thereby undermining his treatment, his difficulty in controlling anger together with poor judgment and poor response to stress, and his lack of empathy for his victims and indication that they wanted to be victimized. She believed that his antisocial orientation, in combination with his ongoing sexual deviance, created a great risk of recidivism. Rackley acknowledged that respondent’s arousal levels were not significant when exposed to images of prepubescent girls during a penile plethysmograph, but explained that the test results also reflected that he was actively suppressing arousal. She further stated that, although respondent’s STATIC scores for reoffending were not high, she believed he fell within those low scorers who were nonetheless likely to reoffend. This opinion was based in part on the fact that he had previously reoffended while on probation and, when on parole, had moved quickly to establish a relationship with a woman who had a young daughter. In addition to his actions, he had reportedly also expressed a strong aversion to supervision, and Rackley concluded that he would be very difficult to supervise in the community.
Although respondent’s expert opined that petitioner could be placed in SIST, Supreme Court found that he had replaced objectivity with advocacy in his analysis. The court concluded that he had not adequately identified and credibly assessed reoffending factors. Respondent’s testimony was determined by Supreme Court to lack credibility on crucial matters and his other proof was unpersuasive to the court. While there was an indication of recent improvement by respondent, petitioner nonetheless presented sufficient proof — which Supreme Court found credible — demonstrating that respondent remained a dangerous sex offender requiring confinement. After independently reviewing all the evidence in the record, while according deference to Supreme Court’s assessment of credibility, we are unpersuaded to set aside Supreme Court’s determination (see generally Matter of Sincere KK. v State of New York, 111 AD3d 1083, 1085 [2013]; Matter of State of New York v Lonard ZZ., 100 AD3d at 1281).
*1045 Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.