Matter of State of New York v Justin R. (2020 NY Slip Op 06186)





Matter of State of New York v Justin R.


2020 NY Slip Op 06186


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

529655

[*1]In the Matter of State of New York, Respondent,
v
Justin R., Appellant.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Brent R. Stack of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Farley, J.), entered June 6, 2019 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to revoke respondent's regimen of strict and intensive supervision, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.
In 2001, respondent was convicted of attempted sodomy in the first degree and sexual abuse of three toddlers and sentenced to a prison term of 3½ years followed by five years of postrelease supervision. Respondent's parole was revoked twice. In 2009, as respondent was nearing his maximum expiration date, petitioner sought an order authorizing civil management of respondent pursuant to Mental Hygiene Law article 10. In 2012, Supreme Court (Demarest, J.) determined that respondent was a dangerous sex offender requiring confinement in a secure treatment facility. In 2017, following an annual review hearing, Supreme Court (Gigliotti, J.) determined that respondent was no longer a dangerous sex offender requiring confinement, and released him subject to a regimen of strict and intensive supervision and treatment (hereinafter SIST).
In 2019, claiming that respondent had violated his SIST conditions in several respects, petitioner commenced this SIST revocation proceeding pursuant to Mental Hygiene Law § 10.11 (d), seeking an order deeming respondent a dangerous sex offender and placing him back into confinement. Following a revocation hearing, Supreme Court (Farley, J.) found, by clear and convincing evidence, that respondent is a dangerous sex offender requiring confinement, revoked respondent's regimen of SIST, and directed that he be committed to a secure treatment facility. Respondent appeals.
Respondent contends that Supreme Court erred in finding that petitioner proved by clear and convincing evidence that he is a dangerous sex offender requiring confinement. Specifically, respondent argues that the SIST violations were merely status offenses and that petitioner failed to prove that he lacks the ability to control any illegal sexual conduct. As such, he argues, he is not likely to be a danger to others and to commit sex offenses if he remains in the community subject to SIST. We disagree.
A dangerous sex offender requiring confinement is defined as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). In contrast, a sex offender requiring strict and intensive supervision is "a detained sex offender who suffers from a mental abnormality but is not a dangerous sex offender requiring confinement" (Mental Hygiene Law § 10.03 [r]). Petitioner must prove, by clear and convincing evidence, that respondent is a dangerous sex offender requiring confinement (see Matter of State of New York v James K., 135 AD3d 35, 40 [2015]; Matter of State of New York v Barry W., 114 AD3d 1093, 1094 [2014]. "Where conflicting expert testimony and other credibility issues are presented . . ., we accord deference to the trial court's assessment of credibility [as] it is best positioned to make those determinations" (Matter of State of New York v Andrew D., 114 AD3d 1043, 1043 [2014] [citations omitted]; see Matter of Craig W. v State of New York, 151 AD3d 1135, 1137 [2017]).
At the SIST revocation hearing, petitioner offered the testimony of respondent's parole officer, Matthew Mullin, and the psychiatric report and testimony of Abby Oberriter, a psychologist with the Office of Mental Health. Mullin's uncontroverted testimony was that, in May 2017, respondent had a relationship with an individual undisclosed to him. In May 2018, respondent used his cell phone to access sexually explicit websites and had a relationship with a person undisclosed to him. In February 2019, respondent accessed sexually explicit websites, watched pornography, had a knife next to his bed, had sexual relationships with several undisclosed individuals, had contact with a person having a criminal record, failed to participate in treatment and failed four polygraph examinations.
Oberriter testified that respondent reported accessing "incest-related" pornography daily and masturbating up to 13 times per day, which he uses as "a means of coping with emotional stress." Oberriter opined that respondent's preference for incest-related pornography is particularly disconcerting as it is somewhat consistent with the conduct underlying respondent's attempted sodomy conviction. She determined that respondent's pornography use and masturbation are consistent with sexual preoccupation, which correlates highly with rates of sexual recidivism. Oberriter relayed concerns that respondent was engaging in relationships with multiple women because "he was not sexually satisfied in the physical relationship he was having with his girlfriend." Oberriter submits that respondent has a previous conviction for menacing with a weapon. Oberriter further testified that respondent failed to represent himself honestly to his treatment providers or meaningfully engage in treatment. Oberriter conducted the STATIC-99R assessment to measure respondent's risk to reoffend, which revealed respondent's chances of reoffending are 5.25 times higher than that of the typical offender. Additionally, Oberriter considered respondent's diagnoses of sexual preoccupation and antisocial personality disorder, coupled with respondent's struggles with impulse control and problem-solving skills, to conclude that respondent has a limited ability to control his sexual urges. Thus, Oberriter opined that respondent was a dangerous sex offender who required confinement.
Jeffrey C. Singer, a clinical psychologist, testified on behalf of respondent. Singer testified that respondent engaged in consensual sexual behavior throughout his 22-month release. Singer acknowledged that respondent violated some SIST conditions, including viewing pornography, but stated that respondent has refrained from any illegal sexual behavior since his release. Although respondent has been diagnosed with antisocial disorder and borderline personality disorder, Singer testified this is not "particularly associated with sex offending behavior." Singer testified that respondent utilizes "sex as coping," but this is not illegal. He further testified that respondent's girlfriend "feels perfectly safe with him." Additionally, Singer testified that respondent's failure to abide by his SIST conditions is consistent with the behavior of someone with antisocial personality disorder and his SIST conditions are "kind of difficult to comply with, even if you're not anti-social." Singer submits that respondent's use of pornography and masturbating is not problematic nor is it unlawful. Singer utilized the SVR-20 assessment tool to estimate that respondent's risk of reoffending was "at the upper end of the low range." Lastly, Singer testified that respondent benefits from multiple consensual adult sexual partners and should not be penalized for engaging in those relationships. Singer opined, within a reasonable degree of professional certainty, that respondent is not a dangerous sex offender requiring confinement.
The record supports respondent's undisputed noncompliance with his SIST conditions. Deferring to Supreme Court's weight and credibility determinations (see Matter of State of New York v Barry W., 114 AD3d at 1095), and according deference to the court's decision "to credit the testimony of petitioner's expert over that of respondent's expert" (Matter of State of New York v Kenneth BB., 93 AD3d 900, 902 [2012]; see Matter of State of New York v Barry W., 114 AD3d at 1095), we conclude that "the court properly found by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement in a secure treatment facility" (Matter of State of New York v Garfield Q., 183 AD3d 1055, 1057 [2020], lv denied ___ NY3d ___ [Oct. 20, 2020]; see Matter of State of New York v Horowitz, 176 AD3d 1404, 1405 [2019], lv denied 34 NY3d 913 [2020]).
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED the order is affirmed, without costs.