| |
|---|
| **Avant Capital 388 Broadway LLC v 388 Broadway Owners LLC** |
| 2024 NY Slip Op 30338(U) |
| January 26, 2024 |
| Surpeme Court, New York County |
| Docket Number: Index No. 850264/2021 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. FRANCIS A. KAHN, III**                PART                    **32**

*Justice*

------------------------------------------------------------------X

AVANT CAPITAL 388 BROADWAY LLC,

                              Plaintiff,

- v -

388 BROADWAY OWNERS LLC, NEW YORK LEE
FEDERAL CREDIT UNION, AC BROADWAY LENDER
LLC, CRIMINAL COURT OF THE CITY OF NEW YORK,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
SIGNATURE BANK, NA, BARRY LEON, ELISE WARD,
CARL GOLDHAGEN, LEISURE SALOON INC. D/B/A EDEN
DAY SPA, ARGYLE SYSTEMS INC., DANIEL SAYNT,
MARY MEGEE, THE SERIES EVENTS LLC, ANDREW
WHARTON-BICKLEY, SHAHN ANDERSEN, KIMIKO
FUJIMURA, SAMUEL FISHMAN, JOHN DOE, JANE DOE,
XYZ CORP.

                              Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850264/2021 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 137, 138, 139, 140,
141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161,
162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182,
183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203,
204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224,
225, 226, 227, 228, 229

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

The within action is to foreclose on a consolidated, extended and modified mortgage
encumbering a parcel of commercial real property located at 388 Broadway, New York, New York.
Defendant 388 Broadway Owners LLC ("Owners") gave a mortgage, dated October 31, 2017, to
Plaintiff Avant Capital 388 Broadway LLC ("Avant"). The mortgage secures two loans with original
principal amounts of $8,400,000.00 and $3,600,000.00 which are memorialized by consolidated,
amended and restated notes (A and B), respectively. The notes and mortgage were executed by
Defendants Barry Leon ("Leon") as an authorized signatory of Owners. Concomitantly with these
documents, Leon executed a guaranty of the indebtedness. On March 2, 2020, Plaintiff, Owners and
Leon entered a forbearance agreement wherein, *inter alia*, the Mortgagors and Guarantors
acknowledged the Mortgagors' indebtedness in an amount of $15,934,025.59, their default in repayment
and their "absolute and unconditional" obligation to pay the outstanding debts.

On November 15, 2021, Plaintiff commenced this action alleging Defendants defaulted in
repayment of the loans and under the guarantees. Also joined were Defendants Carl Goldhagen

[* 1]

("Goldhagen"), Leisure Saloon Inc. d/b/a Eden Day Spa ("Eden") and Elise Ward ("Ward") as alleged necessary subordinate lienors. Defendant Leon answered and pled five affirmative defenses. Defendant Goldhagen answered and pled a crossclaim, incorrectly titled a counter claim, against Owner for breach of contract. Defendant Eden answered five "defense[s]", presumably affirmative given their substance (CPLR §3018[b]). Defendant Ward answered and pled one affirmative defense and two crossclaims against Owner. Answers and replies to the above counterclaims and crossclaims were also served.

By order of this Court dated January 17, 2023, Plaintiff's motion for a default judgment against non-appearing Defendants 388 Broadway Owners LLC, Daniel Saynt, AC Broadway Lender LLC, Shahn Andersen, New York Lee Federal Credit Union, Criminal Court of the City Of New York and New York City Environmental Control Board, was granted without opposition.

Now, Plaintiff moves for *fourteen* branches of relief which are as follows:

(a) Pursuant to CPLR §3212, awarding Plaintiff summary judgment against defendant Barry Leon under its first cause of action and fourth cause of action;

(b) Pursuant to CPLR §§ 3212, 3013 and 3018(b), dismissing defendant Barry Leon's affirmative defenses contained in its Verified Answer;

(c) Pursuant to CPLR §3212, awarding Plaintiff summary judgment against defendant Leisure Saloon Inc. d/b/a Eden Day Spa under its first cause of action;

(d) Pursuant to CPLR §§ 3212, 3013 and 3018(b), dismissing defendant Leisure Saloon Inc. d/b/a Eden Day Spa affirmative defenses contained in its Verified Answer;

(e) Pursuant to CPLR §3212, awarding Plaintiff summary judgment against defendant Elise Ward under its first cause of action;

(f) Pursuant to CPLR §3212, dismissing defendant Elise Ward's first affirmative defense;

(g) Pursuant to CPLR §3211(a)(7), dismissing defendant Elise Ward's counterclaims against the Plaintiff;

(h) Pursuant to CPLR §3212, awarding Plaintiff summary judgment against defendant Carl Goldhagen under its first cause of action;

(i) Pursuant to CPLR §3212, dismissing defendant Carl Goldhagen's first affirmative defense;

(j) Pursuant to CPLR §3211(a)(7), awarding Plaintiff summary judgment dismissing defendant Carl Goldhagen's counterclaim against the Plaintiff; or if the court does not dismiss the counterclaim, then, in the alternative

(k) Pursuant to CPLR 3212(e), severing defendant Carl Goldhagen's counterclaim from this action;

(l) Appointing a referee and directing him or her to compute the amount due to the Plaintiff for principal, late fees, interest, default interest, the forbearance fee, advanced tax payments for

the subject property, exit fees, attorneys' fees, costs and disbursements due as set forth in the complaint, as well as directing him or her to examine and report whether the property can be sold in parcels; and

(m) Substituting the name of White Walker Holdings 1 LLC in the place of AVANT CAPITAL 388 BROADWAY LLC as plaintiff in the caption of this action; and

(n) Striking "John Doe", "Jane Doe" and XYZ Corp. from the caption of this action; and

Defendant Leon initially only filed opposition to Plaintiff's motion. Defendants Goldhagen and Ward jointly opposed the motion and cross-moved pursuant CPLR §3025[b] for leave to amend their answer to assert an affirmative defense of standing and for summary judgment in favor of Ward against Owner and Leon on her crossclaim. In response to the cross-motion, Lyon cross-moved to dismiss Ward's crossclaims pursuant to CPLR §3211[a][4]. Plaintiff opposed Goldhagen and Ward cross-motion. Defendants Goldhagen and Ward opposed Leon's cross-motion.

As Goldhagen and Ward's proposed affirmative defense directly impacts what Plaintiff must proffer as a *prima facie* case for summary judgment (*see generally Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]), the Court will address that branch of their cross-motion first. Leave to amend a pleading under CPLR §3025[b] is to be freely given "absent prejudice or surprise resulting directly from the delay" (*see e.g. O'Halloran v Metropolitan Transp. Auth.*, 154 AD3d 83 [1st Dept 2017]; *Anoun v City of New York*, 85 AD3d 694 [1st Dept 2011]; *see also Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]). All that need be shown is that "the proffered amendment is not palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]). To justify denial of such a motion, the opposing party "must overcome a heavy presumption of validity in favor of [allowing amendment]" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012]).

Defendants Goldhagen and Ward demonstrated that their affirmative defense of standing is viably pled. Although the Plaintiff was the original lender, Defendants proffered a copy of a collateral assignment of the notes and mortgages, dated November 1, 2019, which Plaintiff apparently executed as security for a separate loan of its own. In opposition, Plaintiff failed to demonstrate the existence of any prejudice based upon the delay in seeking leave to amend (*see GMAC Mtge., LLC v Coombs*, 191 AD3d 37, 50-51 [2d Dept 2020]; *cf. HSBC Bank USA, N.A. v Szoffer*, 149 AD3d 1400 [2d Dept 2017]). Since Defendants have raised an issue for the first time in opposition to a motion for summary judgment, Plaintiff is entitled to submit rebuttal evidence in reply to cure any deficiencies in its *prima facie* case occasioned by the amendment (*see GMAC Mtge., LLC v Coombs*, supra; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2d Dept 2015]).

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see eg U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). A mortgagor's default, "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Based upon the above amendment, Plaintiff was also required to demonstrate it had standing when this action was commenced (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]).

[* 3]

Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affidavit from Adam Luysterborghs ("Luysterborghs"), the Managing Member of Plaintiff, as well as an affidavit from Jay Schippers ("Schippers"), the Managing Member of White Walker Holdings 1 LLC, the alleged current holder of the notes and assignee of the mortgages. Both affiants attest that they had "personal knowledge of the facts and circumstances" recounted in their affidavits. Such evidence can be sufficient to demonstrate a *prima facie* case for summary judgment (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 206 [2d Dept 2019]["Admissible evidence may include 'affidavits by persons having knowledge of the facts [and] reciting the material facts'"]). Here, the affidavits, based upon personal knowledge, established the material facts underlying the claim for foreclosure, to wit the mortgage, note, and evidence of mortgagor's default (*see eg Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra).

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). Presently, since Plaintiff was the lender when the mortgages were given, it was in direct privity with the Defendants when the action was commenced and, therefore, established its standing (*see eg Wilmington Sav. Fund Socy., FSB v Matamoro*, 200 AD3d 79, 90-19 [2d Dept 2021]; *Valley Natl. Bank v 152 Sherman Holding LP*, ___Misc3d___, 2023 NY Slip Op 33811[U][Sup Ct NY Cty 2023]).

Accordingly, Plaintiff demonstrated *prima facie* the note, mortgage, Defendant's default in repayment thereunder as well as its standing.

As to the guaranty, "'[o]n a motion for summary judgment to enforce a written guaranty all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty'" (*see 4 USS LLC v DSW MS LLC*, 120 AD3d 1049, 1051 [1st Dept 2014], *quoting City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1st Dept 1998]). Under the guaranty, Defendant Leon "unconditionally guarantee[d] to Lender the payment [of] . . . . the unpaid outstanding principal balance of the Note not to exceed $5,000,000.00" as well as certain defined losses, damages, costs, expenses, liabilities, claims or other obligations. The affidavits submitted by Plaintiff and the supporting documents demonstrated a *prima facie* case for summary judgment against Leon on the cause of action based upon the guaranty.

In opposition, none of the Defendants has raised an issue of fact as to the existence of the note, mortgage and Owner's default in repayment. Indeed, since none of the salient facts on this issue were

contradicted by any of the appearing defendants, they are "deemed to be admitted" (*Bank of Am NA v Brannon*, 156 AD3d, 1, 6 [1ˢᵗ Dept 2017]).

Defendant Leon's assertion that Plaintiff's failure to submit a statement of material facts renders its motion defective is misplaced. Section 202.8-g of the Uniform Rules for Trial Courts was amended, effective July 1, 2022, to leave the necessity of submission such a statement to the court's direction. This Court has made no such direction either by order herein or in its part rules. Further, that amendment added subdivision [e] which affords the court with the discretion to permit correction of any defect of compliance. Leon's claim that there was a "public sale of the Building" and his reliance on UCC §9-615 are factually incorrect and misplaced. The subject premises was not sold, rather Leon's membership interest in Owner, which is personality not realty, was apparently sold by Defendant AC Broadway Lender LLC ("AC Lender"), a subordinate mortgagor. Further, Leon has not proffered any legal theory which supports that the sale of a member's ownership interest in a limited liability company which is the mortgagor affects that member's unconditional personal guaranty of the mortgagor's indebtedness.

Goldhagen and Ward's claim that an issue of fact as to Plaintiff's standing exists without merit. The pre-commencement assignment of the mortgage and note to non-party Northeast Bank, dated November 17, 2017, is irrelevant based on the reconveyance dated November 1, 2019. Defendants' reliance on a collateral assignment also dated November 1, 2019, is misguided as that agreement was replaced by a subsequent collateral assignment dated June 19, 2020. Thus, Defendants' reliance on *Reich v 559 St. Johns Pl, LLC*, 204 AD3d 850 [2d Dept 2022] is unavailing in this instance. In *Reich*, the collateral assignment included the language that the assignment was made "[t]ogether with the bond or note or obligation in said mortgage ... TO HAVE AND TO HOLD the same ... forever" (*Reich v 559 St. Johns PL LLC*, ___Misc3d____, 2018 NY Slip Op 32734[U] [Sup Ct, Kings Cty 2018]). In this case, the 2020 collateral assignment expressly provides that it was "given solely for the purpose of securing Assignor's obligations to Assignee under the Loan Documents and is executed pursuant to and subject to all of the terms and conditions of the Loan Documents [and that] . . . Assignor remains the owner and holder of the Collateral Asset subject to the provisions of the Loan Documents". Moreover, Plaintiff retained the right to enforce the within note and mortgage. Under the present circumstances, no issue of fact is raised as to Plaintiff's standing based on the collateral assignment (*see DOF NPL III LLC v. Joshua Mgt. LLC*, ___Misc3d___, 2022 NY Slip Op 33706[U][Sup Ct, NY Cty 2022]; *SKW 6 E. 74th St. Lender LLC v Adina 74 Realty Corp.*, ___Misc3d___, 2022 NY Slip Op 32821[U][Sup Ct, NY Cty 2022]).

Goldhagen and Ward's citation to assignments made after this action was commenced is inapposite. A plaintiff's standing to bring a foreclosure action is measured when the action is *commenced*, not thereafter (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *PNC Bank, N.A. v Salcedo*, 161 AD3d 571 [1ˢᵗ Dept 2018]; *Bank of Am., N.A. v Thomas*, 138 AD3d 523 [1ˢᵗ Dept 2016]). Here, it is undisputed that the present Plaintiff, Avant, commenced this action. The assignments to White Walker Holdings LLC ("Holdings") and then Downspout Capital LLC ("Capital") occurred on December 15, 2022, *after* this action was commenced. Those transfers are governed by CPLR §1018 which provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties" (CPLR §1018). As such, either Holding or Capital were authorized to continue prosecution of this action without first seeking substitution (*see Wells Fargo Bank, NA v McKenzie*, 183 AD3d 574 [2d Dept 2020]; *B & H Fla. Notes LLC v Ashkenazi*, 149 AD3d 401 [1ˢᵗ Dept 2017]).

The argument that Plaintiff was required to prove the priority of the subject mortgages "because multiple questionable issues arise as to whether there have been fraudulent conveyances of the mortgage" is meritless. That burden only arises "where there is a claim of a priority interest based on an earlier fraudulent conveyance" (*JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2d Dept 2011]). None of the defendants in this case have pled such a claim in their answers nor do the terms "fraud" and "priority" appear in the responsive pleadings of Defendants Goldhagen, Ward or Leon. Even the proposed answer of Goldhagen and Ward makes no mention of this issue. Also absent from these answers are any facts, or simply allegations, to support a basis for determining these Defendants' subordinate liens have priority over Plaintiff's mortgage.

The assertion the motion must be denied because no discovery has been conducted is unavailing as Defendants offered nothing to demonstrate Plaintiff is in exclusive possession of facts which would establish a viable defense to summary judgment (*see Island Fed. Credit Union v I&D Hacking Corp.*, 194 AD3d 482 [1st Dept 2021]).

As to the branch of Plaintiff's motion to dismiss Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov*, 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

All the affirmative defenses are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, as no specific legal arguments were proffered in support of any affirmative defense, other than standing, those unaddressed defenses and claims were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The supposed "counterclaims" by Defendants Goldhagen and Ward against Plaintiff are not stated anywhere in their proposed or extant answers. The Court could find no request for relief by these parties against Plaintiff. Accordingly, to the extent these "counterclaims" are supposed to exist, they are inadequately pled (*see CPLR §§3013, 3014*).

The branches of the cross-motions by Goldhagen, Ward and Leon against one another are denied as procedurally defective since neither application was against the party who made the original motion, namely Plaintiff (*see CPLR §2215; Crawford v 14 E. 11th St., LLC*, 191 AD3d 461, 461 [1st Dept 2021]; *Rubino v 330 Madison Co., LLC*, 150 AD3d 603, 604 [1st Dept 2017]).

[* 6]

The branch of the motion to sever Defendants' crossclaims is granted as these causes of action are wholly dissimilar and separable from the foreclosure action (*see Valley Sav. Bank v Rose*, 228 AD2d 666 [2d Dept 1997]).

The branch of Plaintiff's motion to amend caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that Plaintiff is awarded summary judgment on its causes of action for foreclosure against the appearing parties; and it is further

ORDERED that Plaintiff is awarded summary judgment on its cause of action against Defendant Leon based upon the guaranty; and it is further

ORDERED that the branch of the cross-motion by Defendants Goldhagen and Ward to amend their answer is granted, but the branch for summary judgment is denied; and it is further

ORDERED that the cross-motion by Defendant Leon is denied; and it is further

ORDERED that crossclaims of Defendants Goldhagen, Ward and Leon are severed; and it is further

ORDERED that that **Elaine Shay, Esq., 800 3rd Avenue, Ste. 2800, New York, New York 10022 (212) 520-2690** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing or is required to perform other significant services in issuing the report, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that plaintiff shall forward all necessary documents to the Referee and to defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED the failure by defendants to submit objections to the referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the referee's report; and it is further

ORDERED that if plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to plaintiff's failure to move this litigation forward; and it further

ORDERED that White Walker Holdings 1 LLC is substituted in the place of AVANT CAPITAL 388 BROADWAY LLC as plaintiff in the caption of this action; and it is further

ORDERED that the "John Doe", "Jane Doe" and XYZ Corp. Defendants are stricken from the caption; and it is further

ORDERED that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
WHITE WALKER HOLDINGS 1 LLC,

Plaintiff,

-against-

388 BROADWAY OWNERS LLC, NEW YORK LEE
FEDERAL CREDIT UNION, AC BROADWAY
LENDER LLC, CRIMINAL COURT OF THE CITY OF
NEW YORK, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, SIGNATURE BANK, NA,
BARRY LEON, ELISE WARD, CARL GOLDHAGEN,
LEISURE SALOON INC. d/b/a EDEN DAY SPA,
ARGYLE SYSTEMS INC., DANIEL SAYNT, MARY
MEGEE, THE SERIES EVENTS LLC, ANDREW
WHARTON-BICKLEY, SHAHN ANDERSEN,
SAMUEL FISHMAN, KIMIKO FUJIMURA,

Defendants.

-------------------------------------------------------------------------X

and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

All parties are to appear for a virtual conference via Microsoft Teams on **May 29, 2024, at 10:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk Tamika Wright (tswright@nycourt.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 1/26/2024 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | FRANCIS A. KAHN, J.S.C. HON. FRANCIS A. KAHN III J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | REFERENCE |

[* 9]